303, (1904).]          Syllabus—Assignment of Errors.

## Rishel *v.* Rishel, Appellant.

*Divorce—Evidence—Loss of evidence—Loss of report of master—Reversal of decree.*

Where, after a master's report in divorce had been hastily examined by the court, and referred back to the master to take additional testimony, much of the testimony and the first report are lost, the court cannot properly, from its impression of the first report, and its consideration of the testimony not lost and the final report of the master, enter a decree of divorce. If it does so, such decree will be reversed by the appellate court.

The law requires full proof of a sufficient cause for divorce, and a careful examination by the courts of all the testimony. This duty is as imperative on the courts of last resort as it is on the common pleas.

Argued Oct. 27, 1903. Appeal, No. 244, Oct. T., 1902, by defendant, from decree of C. P. Blair Co., Oct. T., 1900, No. 65, granting divorce in case of Abbie Rishel v. Andrew J. Rishel. Before RICE, P. J., BEAVER, ORLADY, SMITH, MORRISON and HENDERSON, JJ. Reversed.

Rule for final decree in divorce.

BELL, P. J., filed the following opinion:

Libellant more than two years ago commenced her action to have her marriage decreed a nullity. A mass of testimony was taken by a commissioner; his report has mysteriously disappeared.

The commissioner reported in favor of libellant; after his report had been filed respondent obtained an order to reopen the testimony and produce some testimony tending to show knowledge on the part of libellant when she married him that he was a married man. This she in turn denied. At the first hearing, after a hasty examination of the commissioner's report, we were of the opinion that a decree should be made in favor of libellant. The testimony taken subsequent to the report and subsequent events have not altered this conclusion.

We think it would be imposing an undue hardship on libellant to compel her to retake or produce her testimony. If a proper decree nullifying the marriage is presented we will sign it.

Rule absolute.

*Error assigned* was the decree of the court.

*John F. Sullivan*, with him *A. V. Dively*, for appellant.—It was the duty of the court when the testimony with the master's report thereon had been lost to refer the matter back to him for the purpose to retake the testimony, not to go ahead and decree a divorce without having before him any of the testimony that was taken before the master : Newhart v. Newhart, 8 Kulp, 288. A proceeding for a divorce is subject in the appellate court to scrutiny from beginning to end; particularly is this directed to the testimony in order that the merits or demerits of the application may on the whole be determined: Hull v. Hull, 14 Pa. Superior Ct. 520.

*A. W. Porter*, with him *W. P. Manley*, for appellee.

OPINION BY ORLADY, J., March 14, 1904 :

From the record in this case it appears that subsequent to a report by a master in favor of the libellant, an order was made to reopen the hearing so as to allow additional testimony to be taken, and when the case was finally presented to the court, a mass of testimony which had been taken by the commissioner and also his first report had mysteriously disappeared. The court had made a hasty examination of the first report; its impression in regard thereto was not changed by the subsequent testimony and a final decree was entered in favor of the libellant, from which the respondent appealed. All the recent decisions of our appellate courts require full proof of a sufficient cause for divorce, and a careful examination by the courts of all the testimony. This duty is as imperative on the courts of last resort as it is on the common pleas. It may be difficult and expensive to supply the lost evidence, but this does not relieve this court of its bounden duty to have the full record before it when a final decree is made. Of whatever drudgery the court of original jurisdiction may relieve itself, in this class of cases, by appointing an examiner, neither it nor we can escape the burden of a careful consideration of the evidence in order to ascertain whether it does in very truth establish the statutory grounds for a divorce : Middleton v. Middleton, 187 Pa. 612; Hull v. Hull, 14 Pa. Superior Ct. 520; Howe v. Howe, 16 Pa. Superior Ct. 193.

The decree entered is reversed and a procedendo awarded.