## Anderson v. Anderson

*H. Lester Haws,* for libellant.

*Charles N. Moffett,* for respondent.

DANNEHOWER, J., January 9, 1940.—This action in divorce a. v. m. was brought by a husband against his wife, on the ground of indignities to the person. The master in his report recommends "that the prayer of the

petition be refused and that the libel be dismissed for want of prosecution."

The record reveals that the libel was filed on September 25, 1936; that the master was appointed on May 11, 1937, and hearings were held before the master on November 29, 1937, December 7, 1937, November 17, 1938, and February 16, 1939. The wife contested the divorce and voluminous notes of testimony were taken by a stenographer employed by libellant's attorney. These notes of testimony have never been transcribed, nor are they attached to the record, because libellant, for the past two years, has been financially unable to pay a fair and reasonable price for the transcription of these notes. The master has repeatedly, but unsuccessfully, endeavored to prevail upon libellant and his counsel to produce the notes of testimony. Libellant can give no assurance that in the near future he will be able to produce the testimony taken.

Thereupon, in December 1939 the master, with the aid of his own longhand notes, his recollection, the allegations in the bill of particulars and answer thereto, filed his report in which he discussed the testimony and came to the conclusion "that libellant has failed to establish his right to be divorced from respondent". The court is obliged to make an independent investigation of the evidence in order to learn whether it does in truth establish a legal cause for divorce.

"Where, after a master's report in divorce had been hastily examined by the court, and referred back to the master to take additional testimony, much of the testimony and the first report are lost, the court cannot properly, from its impression of the first report, and its consideration of the testimony not lost and the final report of the master, enter a decree of divorce. If it does so, such decree will be reversed by the appellate court.

"The law requires full proof of a sufficient cause for divorce, and a careful examination by the courts of all the testimony. This duty is as imperative on the courts

of last resort as it is on the common pleas": Rishel v. Rishel, 24 Pa. Superior Ct. 303; Rinoldo v. Rinoldo, 125 Pa. Superior Ct. 323.

But it is an inherent right of the courts, and therefore one existing independently of any statute, to dismiss a suit for failure to prosecute it with due diligence.

Without the notes of testimony, we cannot pass upon the merits of the case, but we will follow the recommendation of the master, and dismiss the libel for want of prosecution.

And now, January 9, 1940, for the foregoing reasons, it is hereby ordered, adjudged, and decreed, that the libel be dismissed for want of prosecution, at the cost of libellant.